# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA WESTERN DIVISION

| | |
|---|---|
| Debra Hallman, ) | |
| ) | |
| Plaintiff. ) | Civil Action No.: |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| Thompson Tractor Company, Inc., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Debra Hallman, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against Thompson Tractor Company, Inc. ("Defendant") and seeks redress for discrimination suffered in Plaintiff's capacity as an employee of the Defendant. Plaintiff has been discriminated against by the Defendant on account of Plaintiff's gender in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e *et seq,*** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(4).

2. The unlawful employment acts alleged herein took place within the Western Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff Debra Hallman, a female, is over the age of nineteen (19) and is domiciled in the state of Alabama.

5. At all relevant times the Plaintiff was an "employee" of the Defendant under Title VII.

6. The Defendant, Thompson Tractor Co., Inc., is a domestic corporation located in the State of Alabama.

7. At all relevant times, Defendant was an "employer" under Title VII.

8. Defendant employs over fifteen (15) employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

9. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: that on or about the 13th day of July 2020, Plaintiff caused charges of discrimination in employment to be filed with the Equal Employment Opportunity Commission ("EEOC") in accordance with Section 705 of Title VII.

10. A Notification of Right to Sue letter was received July 27th, 2021, and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## GENERAL FACTS

11. Plaintiff began working for the Defendant on or about July 5, 1988.

12. Plaintiff was employed as a secretary.

13. On or about April 6, 2020, Plaintiff was suspended for three days without pay.

14. On April 9, 2020, Plaintiff was terminated.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

## (DISPARATE TREATMENT)

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 above, as if fully set out herein.

16. The Plaintiff is a female and a member of a protected class.

17. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., as Defendant has engaged in the practice of discrimination against Plaintiff.

18. Throughout Plaintiff's employment, she was consistently referred to as a "cashier" or "receptionist" by co-workers.

19. Plaintiff perceived this as a discriminatory comment about her gender.

20. Throughout Plaintiff's employment, she would commonly approach managers to address issues or complaints but was told she was "just having a bad day" or was "just being difficult."

21. Plaintiff perceived this as a discriminatory comment about her gender.

22. Throughout Plaintiff's employment, similarly situated male employees were not made to multi-task, rather, they were allowed to work on one task at a time.

23. The Plaintiff, along with other female employees, was not allowed to focus solely on one task.

24. Throughout Plaintiff's employment, foul language was a common practice among male employees in the workplace.

25. Male employees such as John Kirk, Chris Lanier, and Camron Herbert were also allowed to play cards or toss balls around the office, while female employees were not.

26. The Defendant had a history of not treating male and female employees equally.

27. Specifically, on or around October 30, 2015, Plaintiff was written up for entering into a verbal altercation when she asked Buddy Fordham, a co-worker, not to place paper in an area a customer was using.

28. This male co-worker was not written up for engaging in the same verbal altercation with Plaintiff.

29. Starting on or around March 17, 2020, male sales employees were allowed to work from home due to the Covid-19 pandemic.

30. On or around March 17, 2020, Plaintiff was told that she had to remain working in the office and answer phones while other male sales employees worked from home, which were not her normal job duties.

31. On or about April 3, 2020, Plaintiff was called into a meeting with Kevin Jordan and was instructed that she would have to take messages for the male sales employees who failed to answer their phones while working from home.

32. Plaintiff cursed and expressed her frustration about having to take messages as the male sales employees were already privileged enough to work from home when female employees were not.

33. On or about April 6, 2020, Plaintiff was suspended for three days without pay.

34. The reason proffered for her suspension was that Plaintiff used profanity during the meeting with Kevin Jordan, Plaintiff's supervisor, on April 3, 2020.

35. Plaintiff is aware of male employees who commonly used profanity towards Kevin Jordan and in the workplace.

36. However, those male employees were not sent home, written up, or suspended for the same.

37. Specifically, Plaintiff is aware of Camron Herbert and Chris Lanier cursing in the workplace and directing it to Kevin Jordan.

38. Camron Herbert commonly used the phrase "mother f****r" in the workplace.

39. Chris Lanier was heard saying "this is bulls**t."

40. Neither of these male employees were disciplined for using profanity.

41. On April 9, 2020, Plaintiff was again called into Kevin Jordan's office, whereupon Plaintiff was informed she was terminated.

42. The reason proffered for Plaintiff's termination was due to her work performance.

43. Plaintiff had never had any issues with her work performance.

44. In fact, she had excellent performance reviews.

45. Throughout her time employed with the Defendant she complained to supervisors about how female employees were treated differently than male employees.

46. Plaintiff has a good faith belief that this proffered reason for termination was merely pretextual.

47. The Defendant discriminated against Plaintiff by suspending and terminating Plaintiff for the same or similar acts male employees performed, but were not suspended for, which is a violation of Title VII.

48. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

49. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

## **PRAYER FOR RELIEF FOR ALL COUNTS**

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole the Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully submitted,

        /s/ *D. Jeremy Schatz*
        D. Jeremy Schatz
        ASB-2400-H34Y
        *Attorney for Plaintiff*

        /s/ Raymond C Foushee
        Ray Foushee
        ASB-9344-x13g
        *Attorney for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
100 41st Street South, Suite A
Birmingham, AL 35222
Phone: (205) 946-1924
js@vlgal.com

**CLERK: PLEASE SERVE VIA CERTIFIED MAIL:**

Thompson Tractor Company, Inc.
C/O Paul Tombrello
2401 Pinson Highway
Birmingham, AL 35217

# Exhibit 1

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Debra Hallman<br>12270 Hagler Mill Rd<br>Northport, AL 35475 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-02590 | **MICHAEL G. ALBERT,** Investigator | (205) 651-7043 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*for* /s/ James E Love Sr            July 27, 2021

Enclosures(s)      **BRADLEY A. ANDERSON,** District Director      *(Date Issued)*

cc:    **THOMPSON TRACTOR COMPANY**
C/o Riley Griffin
**Bradley Arant Boult Cummings, LLP**
**One Federal Place**
**1819 Fifth Avenue North**
**Birmingham, AL 35203**

       Jeremy Schatz
**THE PATTON FIRM**
**3720 4th Avenue South**
**Birmingham, AL 35222**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***